**THE PEOPLE OF THE TERRITORY OF GUAM**

v.

**JOHN GERBER, ROBERT PECK, MICHAEL BAILEY, MANUEL DUENAS, Defendants**

Criminal Case No. 149F-78

Superior Court of Guam

September 26, 1978

ABBATE, *Presiding Judge*

DECISION AND ORDER

This matter came before the Court on defendants' Motion to Dismiss the Indictment. The motion was heard on September 14, 1978, and decision was reserved.

Defendants contend, first of all, that only incompetent

evidence was submitted to the grand jury on a crucial element of the offense charged. They maintain that Officer O. J. Herradura's testimony identifying the substance alleged to be marijuana was improperly received by the grand jury under § 50.42 of the Criminal Procedure Code of Guam.

Officer Herradura identified the substance in question on the basis of the Duquenois-Levin reagent test, the field test that he performed on the scene. The defendants argue that this identification was incompetent because Officer Herradura had not been qualified as an expert before the grand jury, and therefore his testimony as to the field test would have been inadmissible at trial.

■■ The Court finds this argument unpersuasive. Prior to his testimony about the field test, Officer Herradura testified that he had been specializing in drug cases for almost two years and that he had received training in recognition and identification of various drugs, *particularly marijuana*. In *People v. Olf*, 195 C.A.2d 97, 15 Cal. Rptr. 390 (1961), the court, in response to an argument that certain exhibits were improperly received by a grand jury, stated: "At the trial of the action, there is no doubt that a better foundation would be laid for the introduction of such exhibits than was laid at the proceedings before the grand jury, but the failure to establish a technical foundation for their admission before that body does not render such exhibits inadmissible." 195 C.A.2d at 104. It is well-established that the qualifications of an expert are within the purview and discretion of the judge. See *People v. Ignacio*, 413 F.2d 513 (1969). It is not this Court's opinion that the Attorney General's Office could not have done a better job; rather, the Court states only that the minimum foundational requirements for the admission of the field test were met.

The grand jury must find an indictment when there is reasonable cause to believe an indictable offense has been committed and that the defendant committed it. See Criminal Procedure Code § 50.45(b). The Court notes that Officer Herradura's testimony was not the only evidence linking the defendants with the substance alleged to be marijuana. See testimony of Tomas T. San Nicolas, Transcript of the Grand Jury Proceedings, August 17, 1978. Having carefully reviewed the grand jury transcripts, the Court finds that there was reasonable cause for the grand jury to return an indictment against the defendants herein.

■■ The defendants also contend that the prosecutors improperly argued and made prejudicial misstatements to the grand jury. In many instances, there is a fine line between explaining and arguing. The Court agrees that the grand jury should not be used as a mere tool of the prosecution. However, the function of a grand jury is not to find guilt or innocence, and therefore the proceedings should not be turned into the technical equivalent of a trial. Section 50.46 of the Criminal Procedure Code does not impose on the prosecution the burden of doing as good a job as a defense attorney in attempting to negate defendant's guilt. The Court does not find that the prosecutors' presentation before the grand jury was so incompetent or prejudicial as to invalidate the indictment.

These same principles apply to the defendants' last contention, that evidence as to the quantity of the substance was prejudicial. The court feels that the matters brought up in defendants' argument would be much more appropriately handled at trial.

Defendants' Motion to Dismiss the Indictment is therefore hereby DENIED.

SO ORDERED.